IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MAXWELL REAL ESTATE INVESTMENT, LLC, | CASE NO. 5:11-cv-05780 EJD |
| Plaintiff(s), | **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** |
| v. | |
| JUANA DE LOURDES LOPEZ, | [Docket Item No. 6] |
| Defendant(s). | |

Defendant Juana de Lourdes Lopez ("Defendant") removed to this court the instant unlawful detainer action first filed in Santa Clara County Superior Court by Plaintiff Maxwell Real Estate Investment ("Plaintiff"). See Docket Item No. 1. Plaintiff purchased the property at a trustee's sale in September, 2011, after Defendant defaulted on a Deed of Trust secured by the property. See Docket Item No. 6, at Ex. 1.

Plaintiff now seeks an order remanding the case to the state court from which it originated pursuant to 28 U.S.C. § 1447(c). Defendant did not file written opposition to this motion, and the time for filing such opposition has expired.[1] See Docket Item No. 25. The court finds this matter appropriate for decision without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons

---

[1] The court previously granted Plaintiff's request to shorten time for a hearing on the motion to remand. See Docket Item No. 25. Pursuant to the order served on Defendants by mail on February 10, 2012, Defendants were to file their brief in opposition no later than February 20, 2012.

stated below, the hearing scheduled for March 2, 2012, will be vacated and Plaintiff's motion to remand will be granted.

## I. DISCUSSION

### A. Legal Standard

Removal jurisdiction is a creation of statute. See Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979) ("The removal jurisdiction of the federal courts is derived entirely from the statutory authorization of Congress."). Only those state court actions that could have been originally filed in federal court may be removed. 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant."); see also Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by defendant."). Accordingly, the removal statute provides two basic ways in which a state court action may be removed to federal court: (1) the case presents a federal question, or (2) the case is between citizens of different states. 28 U.S.C. §§ 1441(a), (b).

When removal is based on the presence of a federal question, the court looks to the face of a well-pleaded complaint to determine whether a cause of action is created by federal law or whether the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law. Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 808 (1988) (citing Franchise Tax Bd. of California v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28, (1983)). "[I]t must be clear from the face of the plaintiff's well-pleaded complaint that there is a federal question." Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). The complaint as it existed at time of removal dictates whether removal jurisdiction is proper. Libhart, 592 F.2d at 1065.

An anticipated or even actual federal defense or counterclaim is not sufficient to confer jurisdiction. Constr. Laborers Vacation Trust, 463 U.S. at 10.

### B. Federal Question and Supplemental Jurisdiction

Plaintiff argues, inter alia, that federal jurisdiction is lacking. The court agrees.

In the underlying Complaint, Plaintiff alleges a single claim for unlawful detainer against

2
CASE NO. 5:11-cv-05780 EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

Defendants. See Docket Item No. 1 at Ex. A. It is well established that unlawful detainer claims themselves do not arise under federal law and, therefore, cannot support federal-question jurisdiction. See, e.g., Fed. Nat'l Mortg. Assoc. v. Lopez, No. C 11-00451 WHA, 2011 WL 1465678, 2011 U.S. Dist. LEXIS 44818, at *1 (N.D. Cal. Apr. 15, 2011); GMAC Mortg. LLC v. Rosario, No. C 11-1894 PJH, 2011 WL 1754053, 2011 U.S. Dist. LEXIS 53643, at *2 (N.D. Cal. May 9, 2011); Wescom Credit Union v. Dudley, No. CV 10-8203 GAF (SSx), 2010 WL 4916578, 2010 U.S. Dist. LEXIS 130517, at *2 (C.D. Cal. Nov. 22, 2010).

Despite this standard, Defendant appears to assert in the Notice of Removal that an alleged violation of 12 U.S.C. § 5220, which Defendant raised in a demurrer filed in state court, justifies subject matter jurisdiction in this court. But such a claim does not appear on the face of Plaintiff's Complaint nor does it confer federal jurisdiction even if raised as an independent defense or counterclaim. See Metro Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987) (holding jurisdiction must appear on the face of the complaint); see also Hunter v. Philip Morris USA, 582 F.3d 1039, 1042-43 (2009) (holding jurisdiction cannot rest on actual or anticipated defense).

In addition, Defendant's belief that supplemental jurisdiction exists is mistaken. "The supplemental-jurisdiction statute is not a source of original subject-matter jurisdiction, and a removal petition therefore may not base subject-matter jurisdiction on the supplemental jurisdiction statute, even if the action which a defendant seeks to remove is related to another action over which the federal district court already has subject-matter jurisdiction." Pacific Bell v. Covad Communications Co., No. C 99-1491 SI, 1999 WL 390840, 1999 U.S. Dist. LEXIS 8846, at *9 (N.D. Cal. June 8, 1999) (quoting Ahearn v. Charter Twp. Of Bloomfield, 100 F.3d 451, 456 (6th Cir. 1996)).

For these reasons, there is no basis for either federal question or supplemental jurisdiction here and Defendant has not identified any other potential basis to support a federal forum. Accordingly, this case must be remanded.

## II. ORDER

Based on the foregoing, Plaintiff's Motion to Remand is GRANTED. The hearing scheduled for March 2, 2012, is VACATED. The Clerk shall remand this action to Santa Clara County

1 | Superior Court and close this file.

2 | **IT IS SO ORDERED.**

4 | Dated: February 24, 2012

                                                EDWARD J. DAVILA
                                                United States District Judge

**United States District Court**
For the Northern District of California

CASE NO. 5:11-cv-05780 EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND